FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 10:02 am, Nov 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRAIG L. JONES,

    Petitioner,

v.

JEFFREY COLEMAN; WILLIAM
STEEDLEY; MS. ISAIS; and TERRY
HENDERSON,

    Respondents.

CIVIL ACTION NO.: 5:19-cv-93

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Craig Jones' ("Jones") Petition for Writ of Mandamus, filed under 28 U.S.C. § 1361. Doc. 1. Also before the Court are Jones' Motions for Leave to Proceed *in Forma Pauperis* and to Appoint Counsel. Docs. 2, 4, 5. For the reasons which follow, I **RECOMMEND** the Court **DENY** Jones' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jones *in forma pauperis* status on appeal.[1] I **DENY as moot** Jones' Motions for Leave to Proceed *in Forma Pauperis* in this Court and to Appoint Counsel.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the petitioner with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Jones that his suit is due to be dismissed. As indicated below, Jones will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-

**BACKGROUND**

Jones is currently incarcerated at Ware State Prison in Waycross, Georgia.  In his Petition, Jones requests a writ of mandamus compelling Respondents to perform their duties.  Doc. 1 at 6.  Jones contends he was not provided with a disciplinary hearing within 24 hours of his placement in administrative segregation.  Id. at 7.  In addition, Jones asserts he has not received sanctions justifying his placement in administrative segregation.  Id.  Further, Jones states he was not provided with his periodic review hearings.  Id. at 8.  Jones maintains Defendants Steedley and Isais did not provide him with outdoor recreation for more than a month and complains of other conditions of his confinement.  Id. at 9–14.  Jones states he intends to file a state law tort claim for monetary damages against each Respondent.  Id. at 15.

**DISCUSSION**

**I.     Jones is not Entitled to Mandamus Relief**

As noted above, Jones brings this action as a petition for a writ of mandamus under § 1361.  Under § 1361, federal courts have "original jurisdiction" in mandamus actions to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361.  While mandamus is an "extraordinary remedy" to be "utilized only in the clearest and most compelling" cases, issuance of the writ is a "matter of judicial discretion" guided by equitable principles.  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (citations omitted).  Courts properly have discretion to issue a writ of mandamus when such relief is appropriate.  Id. at 1258.

---

3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

"Mandamus relief is only appropriate when: (1) the [petitioner] has a clear right to the relief requested; (2) the [respondent] has a clear duty to act; and (3) no other adequate remedy [is] available." Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003). Stated differently, a writ of mandamus provides a remedy only where a petitioner "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Important for frivolity review purposes, however, allegations in a petition for mandamus are taken as true, unless patently frivolous, so as "to avoid tackling the merits under the ruse of assessing jurisdiction." Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980).

Jones fails to show he has a clear right to the relief requested. To the extent Plaintiff wishes for this Court to compel Respondents to fulfill their official duties, this Court cannot do so. "Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties." Lawrence v. Miami-Dade Cnty. State Att'y Off., 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); Moye v. Clerk, DeKalb Cnty. Superior Ct., 474 F.2d 1275, 1276 (5th Cir. 1973). Therefore, federal district courts have repeatedly held they lack jurisdiction to issue a writ of mandamus as to state officials. See, e.g., Thomas v. Lawson, No. 5:17-cv-8, 2017 WL 2961549 (S.D. Ga. July 11, 2017) (dismissing a complaint that sought a writ of mandamus against various state officials); Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties."). Here, Respondents are officials at Ware State Prison and are state

officials.  Thus, the Court lacks jurisdiction to issue a writ of mandamus against Respondents and should **DENY** Jones' Petition under § 1361.[2]

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Jones leave to appeal *in forma pauperis*.  Though Jones has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jones' filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Jones *in forma pauperis* status on appeal.

---

[2] While the Court offers no opinion on the viability of Jones' claims, his claims and the nature of requested relief appear to be more appropriately pursued under 42 U.S.C. § 1983.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Jones' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jones *in forma pauperis* status on appeal.  I **DENY as moot** Jones' Motions for Leave to Proceed *in Forma Pauperis* in this Court and to Appoint Counsel.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA